**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EVELYN GAMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. |
| | ) |
| DAVIDSON HOTEL COMPANY, LLC, d/b/a HYATT | ) |
| CENTRIC CHICAGO MAGNIFICENT MILE, a Delaware | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, EVELYN GAMBLE ("GAMBLE" or "Plaintiff"), through her attorneys, The Law Offices of Eugene K. Hollander, and for her Complaint at Law, states as follows:

## JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2, 42 U.S.C. § 1981, and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq ("FMLA"). The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to address deprivation of rights secured by 42 U.S.C. §2000(e)-2 and 42 U.S.C. §1981(b), providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon race and retaliation. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue in this district is proper under 28 U.S.C. §1391(B)(1) and (2). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. GAMBLE filed a charge of discrimination no. 440-2019-05434 with the Equal Employment Opportunity Commission ("EEOC") on September 13, 2019, a copy of which is attached hereto as **Exhibit 1.**

    b. The EEOC issued a notice of right to sue to Gamble for charge no. 440-2019-05434 on March 16, 2021, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4. GAMBLE is a citizen of the United States and the State of Illinois. She currently resides in Chicago, Illinois.

5. GAMBLE was, at all relevant times, employed by the Defendant herein, DAVIDSON HOTEL COMPANY, LLC, d/b/a HYATT CENTRIC CHICAGO MAGNIFICENT MILE ("Defendant" or "DHC").

6. DHC is an employer as that term is defined under the under Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b). DHC is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

## BACKGROUND FACTS

7. GAMBLE began working for Defendant on November 22, 2016. GAMBLE's most recent position at DHC was Housekeeping Supervisor.

8. In July 2018, GAMBLE took a protected leave of absence under the FMLA to care for her daughter in connection with her daughter's pregnancy and premature labor.

9. When GAMBLE requested leave, DHC's Human Resources Director, Beverly Simmons, and another Human Resources employee, Sandra Oliva, asked her to resign, telling her that her situation with her leave of absence was "too messy" and was causing the department stress.

10. GAMBLE refused to resign and proceeded with requesting FMLA leave through UNUM, the company that administered employee leaves of absence for Defendant.

11. In late August 2018, Plaintiff retained a law firm to represent her regarding her FMLA rights.

12. The law firm contacted Defendant regarding GAMBLE's FMLA leave on August 30, 2018.

13. On September 12, 2018, Plaintiff submitted a request for intermittent FMLA leave for her own serious health condition, high blood pressure. The start date for the leave was September 11, 2018.

14. Despite the FMLA request being approved by third party administrator UNUM, Defendant disciplined GAMBLE for her tardiness on September 11, 2018, which was related to her serious health condition.

15. Between September 11, 2018 and GAMBLE's termination on June 16, 2019, GAMBLE took FMLA leave on an intermittent basis for her serious health condition.

16. On or about November 28, 2018, GAMBLE filed a charge against the Defendant with the EEOC alleging discrimination based on her race, black, her sex, female, and disability, as well as retaliation.

17. After GAMBLE filed her charge of discrimination, Defendant reduced her hours.

18. On May 12, 2019, GAMBLE informed her supervisor, Director of Housekeeping, Esmeralda Maldonado, that she was not feeling well because of her serious health condition and that she needed to leave work early to go to the hospital.

19. As GAMBLE was leaving the hotel on May 12, 2019, Simmons said she would accompany her to the hospital. On the way to the hospital, Simmons again suggested that GAMBLE resign.

20.     On June 13, 2019, Defendant falsely accused GAMBLE of failing to perform a work assignment on June 11, 2019.  Plaintiff was written up for this alleged infraction.

21.     On June 13, 2019, GAMBLE was informed during a meeting with Director of Rooms Adam Henrikson, Beverly Simmons, and Esmeralda Maldonado that she was being suspended.  After the meeting, Henrikson sarcastically said to her "you're going to call your lawyer now, make sure you spell my name correctly this time" while pointing to his name tag.

22.     On June 16, 2019, GAMBLE's employment was terminated, purportedly for having three written warnings within a one-year period.  The three warnings included the September 11, 2018 warning, a May 23, 2019 warning, and the June 13, 2019 warning.

23.     Defendant's proffered reason for Plaintiff's termination is pretextual.

### COUNT I – RETALIATION – Title VII and 42 U.S.C. §1981

24.     GAMBLE reincorporates and realleges Paragraphs 1 through 23 as though more fully set forth herein.

25.     Subsequent to the time that Plaintiff lodged her complaint of discrimination, Defendant reduced her hours and terminated her employment.

26.     Defendant, in violation of the provisions of Title VII and 42 U.S.C. §1981 *et. seq.*, retaliated against GAMBLE for openly complaining of race discrimination.

27.     Defendant knew that its treatment of GAMBLE violated Title VII and 42 U.S.C. §1981.

28.     Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, EVELYN GAMBLE, respectfully prays that this Honorable Court:

        a. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of 42 U.S.C. §1981 *et. seq.*;

b. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not retaliate in violation of law;

d. Compensate and make GAMBLE whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the retaliatory practices of Defendants;

e. Award GAMBLE compensatory damages;

f. Award GAMBLE the costs and disbursements of this action, including reasonable attorney's fees;

g. Award GAMBLE punitive damages for Defendants' willful conduct, and grant such relief as may be just and proper.

## COUNT II – FAMILY AND MEDICAL LEAVE ACT

29. Plaintiff incorporates Paragraphs 1 through 23 as though more fully set forth herein.

30. At all pertinent times hereto, Plaintiff was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611, of DHC.

31. Plaintiff was entitled to protected leave under the FMLA.

32. Defendant reduced Plaintiff's hours in violation of the FMLA because of her protected leaves of absence.

5

33.     Defendant willfully and intentionally interfered with Plaintiff's rights under the FMLA, 29 U.S.C. 2615, and retaliated against her in violation of the FMLA when it disciplined and terminated her because of her FMLA-protected absences.

34.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, EVELYN GAMBLE, respectfully prays that this Honorable Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2.     Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.     Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4.     Immediately assign Plaintiff to the job that she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5.     Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendants;

6.     Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7.     Award Plaintiff liquidated damages for Defendant's willful conduct;

8.      Grant such other relief as may be just and proper.

Respectfully submitted,
EVELYN GAMBLE,


By:     /s/ Paul W. Ryan
One of his attorneys


Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, Illinois 60606
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com